UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE BIVINS and | ) | Case No. 07-cv-00936-GJQ |
| EVE BIVINS | ) | Judge Gordon J. Quist |
| | ) | |
| Plaintiffs, | ) | **PROTECTIVE ORDER** |
| vs. | ) | **CONCERNING USE AND** |
| | ) | **HANDLING OF CONFIDENTIAL** |
| MTD PRODUCTS, INC.;, an Ohio | ) | **MATERIAL** |
| Corporation and HOME DEPOT U.S.A., | ) | |
| INC., a Delaware corporation, Jointly | ) | |
| and Severally, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, each of the parties stipulate to the entry by the Court of the following Protective Order:

It appearing that during the pre-trial discovery in this case there will be disclosure to counsel of certain confidential, proprietary, and/or trade secret information and documents deemed by Defendants to remain confidential, in order to allow discovery to proceed in an expeditious and productive manner and protect the confidentiality of such information, IT IS HEREBY ORDERED THAT:

1. This Protective Order governs the use, disclosure, and designation as confidential of documents and information concerning MTD Products Inc and Home Depot U.S.A., Inc. produced in this action (in discovery or at trial) including, without limitation, any and all photographs, videotapes, documents, and/or materials, including and/or related to, engineering part print drawings, testing, product cost, production information, internal policies/investigation procedures, field reports, product analysis and development information, design/fabrication. Any such materials will be deemed confidential and/or proprietary and may be designated

"Confidential".  Such designation shall be made as provided in paragraph 2 hereof.  Documents or information so designated as "Confidential" and all copies, extracts, compilations, and summaries thereof and information therein (hereinafter collectively referred to as "Confidential Information") shall be used and disclosed only as permitted by paragraphs 3 through 12 hereof.

2.     Either party may designate the materials which the party considers to be appropriate for designation as Confidential Information at the time such materials or portions are produced or disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the materials or portions disclosed and sought to be protected hereunder, by the following procedure:

> In the instance of materials produced for inspection pursuant to request or subpoena that are to be designated as Confidential Information, the party producing the materials sought to be protected shall notify the inspecting party that some of the information to be produced is to be deemed "Confidential".  All materials produced for inspection at a production for which such notice has been given shall be inspected only by persons qualified to have access to Confidential Information.

3.     Confidential Information may be given, shown, disclosed, made available, or communicated only to:

(a)     Attorneys for the parties who have executed this Order, and the paralegal, administrative, clerical and secretarial personnel assisting such attorneys for whom access to such material is necessary to perform their duties with respect to this case, provided that execution of this Order by any member of a law firm representing a party shall constitute a representation that all persons in or employed by that firm shall observe this Protective Order;

(b)     Experts and consultants qualified for access as provided in paragraph 4 hereof.

4.     Each party may qualify for access to Confidential Information independent experts and consultants who are not employees of or affiliated with the party.  Before allowing

an expert or consultant to gain access to the Confidential Information, counsel shall first require the expert or consultant to execute a written and signed undertaking in the form attached hereto as Appendix A containing the information set forth therein.  In the event the expert is to be utilized as an expert at litigation and is disclosed in accordance with the discovery rules or local rules of Court, a copy of the signed undertaking shall be provided to opposing counsel.

5.      Confidential Information shall be used solely in connection with this litigation, and not for any business, competitive, or commercial purpose or function.  All Confidential Information designated hereunder shall be kept in secure facilities at the offices of the attorneys for the parties.  Access to those facilities shall be permitted only to those persons set forth in paragraph 3 of this Protective Order as persons properly having access to Confidential Information.

6.      Documents containing Confidential Information, including briefs or other papers which incorporate or disclose Confidential Information, where filed with the pleadings or as evidence, shall bear the warning on their first page or on pages containing Confidential Information, shall be delivered sealed to the Clerk of the Court, and shall not be available for public inspection.  Envelopes used to seal such documents shall carry the notation: "Confidential -- This document is subject to a PROTECTIVE ORDER issued by the COURT and may not be examined or copied except in compliance with that Order. *Willie Bivins, et al. v. MTD Products, Inc., et al.*, United States District Court, Eastern District of Michigan, Case No. 07-cv-00936-GJQ."  The Clerk shall maintain such documents under seal, except that any judge or magistrate exercising responsibility in this case, and their legal, administrative, secretarial or clerical staffs, shall have access to documents under seal as necessary in adjudicating or administrating this case.

7.     Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or that a lesser form of protection than designated is appropriate.

8.     The inadvertent or unintended disclosure pursuant to discovery in this lawsuit of Confidential Information, regardless of whether the information was designated at the time of disclosure, shall not in this action be deemed a waiver in  whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents; provided that the discovery of the inadvertent disclosure is made in a timely fashion following that disclosure and prompt written notice of the claim of confidentiality is given.

9.     A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under the Protective Order, the parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.

10.     No person may utilize or disclose to any person, in public or in private, the confidential materials designated hereunder, except as set forth in this Order.  This Protective Order does not apply to information and/or documents acquired other than through this proceeding; the rights of the parties in respect to this other acquired information being separately determined.

11.     Upon termination of this litigation, the originals and all copies of confidential materials shall be turned over without demand to the party or non-party who produced such material, or to its counsel.

12.     Either party may seek modification of this order upon motion and for good cause shown, by alleging specific changes and specific grounds.

13.     Upon the final conclusion of this litigation and any and all Confidential Material which has been submitted for identification and/or into evidence at any hearing or trial in this litigation may, upon application to this Court, by counsel for the party who claimed Confidential Material treatment, be purged from the record. The final conclusion of this litigation shall be deemed to have occurred upon (i) the date following the entry of judgment after which, by lapse of time or otherwise, such judgment shall no longer be subject to review by or appeal to any court, or (ii) upon a voluntary discontinuance thereof.

14.     This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

```
                                    /s/ Hugh W. Brenneman, Jr.
Entered:   November 30, 2007        Hugh W. Brenneman, Jr.
                                    U.S. Magistrate Judge
```

Approved as to form
and substance:


*s/Dennis M. Goebel*
Dennis M. Goebel, Esq.
Michigan Bar No. P23509
Harvey Kruse
1050 Wilshire Drive, Suite 320
Troy, Michigan  48084-1526
(248) 649-7800
Attorney for MTD Products Inc and Home Depot U.S.A., Inc.


*s/Linda M. Galante*
Linda M. Galante
Michigan Bar No. P35914
DeNardis, McCandless & Miller, P.C.
70 Macomb Place, Suite 200
Mt. Clemens, Michigan  48043
(586) 469-9191
Attorney for Plaintiffs

APPENDIX A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE BIVINS and<br>EVE BIVINS | ) | Case No. 07-cv-00936-GJQ |
| | ) | Judge Gordon J. Quist |
| | ) | |
| Plaintiffs, | ) | **PROTECTIVE ORDER** |
| vs. | ) | **CONCERNING USE AND** |
| | ) | **HANDLING OF CONFIDENTIAL** |
| MTD PRODUCTS, INC.;, an Ohio | ) | **MATERIAL** |
| Corporation and HOME DEPOT U.S.A., | ) | |
| INC., a Delaware corporation, Jointly | ) | |
| and Severally, | ) | |
| | ) | |
| Defendants. | ) | |

1.  My full name is _____

2.  My address is _____

_____

_____

3.  My present employer is _____

_____

4.  My present occupation or job description is _____

_____

5.  I have received a copy of the Protective Order in this action.  I have carefully read

and understand the provisions of the Protective Order.  I will comply with all of the provisions of

the Protective Order.

6.      I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential materials disclosed to me.

7.      I will return all Confidential materials and all copies which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

8.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


_____
(Signature)

Dated:_____